IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LARRY DON SYLVESTER | § | |
| VS. | § | CIVIL ACTION NO. 1:06-CV-768 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION REGARDING TRANSFER

Petitioner Larry Don Sylvester, an inmate confined in the Garza West Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), proceeding *pro se*, filed this petition for writ of error coram nobis. Petitioner alleges that he has discharged his sentence imposed in Harris County, and that his sentences are not being correctly calculated. Liberally construing the petition, the Court interprets it as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner is required to file his federal petition for writ of habeas corpus in the district where the prisoner is incarcerated or the district where the prisoner was convicted and sentenced. 28 U.S.C. § 2241(d). Although both district courts have jurisdiction to entertain the

application, "[t]he district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." *Id.*

The court has considered the circumstances and has determined that the interests of justice would best be served by transferring this petition to the district where petitioner was sentenced and where he is confined. Therefore, the petition should be transferred to the Southern District of Texas for hearing and determination. An order transferring the case will be entered by the undersigned.

**SIGNED** this ___8___ day of _____December_____ , 2006.

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE